NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADAM A. W.,<br><br>                Plaintiff,<br><br>      v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | Case No. 2:21-cv-20439 (BRM)<br><br>OPINION |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is an appeal by Plaintiff Adam A. W. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner")[1] determining he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g). Having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(f), and for the reasons set forth in this Opinion and for good cause shown, the Commissioner's decision is **AFFIRMED**.

**I.    BACKGROUND**

On October 25, 2019, Plaintiff applied for a period of disability and disability insurance benefits, alleging disability beginning November 21, 2017 due to several conditions including post-traumatic stress disorder ("PTSD") and impairments to his left knee, left shoulder, and lower

---

[1] Upon the Appeals Council's Order denying Plaintiff's request for a review of the decision of Administrative Law Judge Richard West ("ALJ"), the ALJ's decision became the final decision of the Commissioner. (Tr. 1–6.)

back. (Administrative Transcript ("Tr.") 124, 152.) His applications were denied initially and on reconsideration. (Tr. 57, 71.) Plaintiff filed a written request for a hearing, and he appeared and testified at the hearing on December 16, 2020 before ALJ Richard West. (Tr. 37–56, 93.)

In a decision dated December 5, 2018, ALJ West ruled Plaintiff was not disabled. (Tr. 12–36.) Using the five-step sequential evaluation process to determine whether Plaintiff was disabled, the ALJ found Plaintiff had not engaged in substantial gainful activity since November 21, 2017, the alleged onset date, and Plaintiff had severe physical impairments involving his back, shoulder, and knees as well as severe mental impairments of PTSD, anxiety, and depression, and a nonsevere impairment of bilateral carpal tunnel syndrome. (Tr. 23.) He found Plaintiff's mental impairments did not meet or equal one of the listed in 20 C.F.R. § 404, Subpart P. App'x 1 (specifically, the criteria of listings 12.04, 12.06, and 12.15). (Tr. 25–26.) The ALJ next assessed Plaintiff's residual functional capacity ("RFC") during the relevant period, evaluating several medical opinions and prior administrative medical findings and concluding that Plaintiff remained capable of performing work with the following non-exertional limitations: he can understand, remember, and carry out simple instructions; he can have occasional interaction with coworkers, supervisors, and the general public; he must avoid crowds; he can deal with changes to essential job functions or routine work stressors on an occasional basis. (Tr. 27–30.) Finally, based on interrogatory responses from an impartial vocational expert, the ALJ determined that while Plaintiff could not return to his past relevant work full-time, he could perform several unskilled light jobs. (Tr. 30–31, 223–24.) Thus, the ALJ found that Plaintiff was not disabled under the Act. (Tr. 31–32.)

On October 5, 2021, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (Tr. 1–6.) Having exhausted his administrative remedies, Plaintiff appealed to this Court on December 9, 2021. (ECF No. 1.) On April 22, 2022, Plaintiff filed a memorandum of law in

support of his appeal. (ECF No. 9.) On May 20, 2022, the Commissioner filed an opposition. (ECF No. 10.) On June 2, 2022, Plaintiff filed a reply. (ECF No. 11.)

## II. STANDARD OF REVIEW

On a review of a final decision of the Commissioner, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *see Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). The Commissioner's decisions regarding questions of fact are deemed conclusive by a reviewing court if supported by "substantial evidence" in the record. 42 U.S.C. § 405(g); *see Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). This Court must affirm an ALJ's decision if it is supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance." *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 545 (3d Cir. 2003). The Supreme Court reaffirmed this understanding of the substantial evidence standard in *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). To determine whether an ALJ's decision is supported by substantial evidence, this Court must review the evidence in its totality. *Daring v. Heckler*, 727 F.2d 64, 70 (3d Cir. 1984). "Courts are not permitted to re-weigh the evidence or impose their own factual determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). Accordingly, this Court may not set an ALJ's decision aside, "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

### III.     THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

Under the Act, the Social Security Administration is authorized to pay Social Security Insurance to "disabled" persons. 42 U.S.C. § 1382(a). A person is "disabled" if "he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A person is unable to engage in substantial gainful activity,

> only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

Regulations promulgated under the Act establish a five-step process for determining whether a claimant is disabled for purposes of disability insurance. 20 C.F.R. § 404.1520. First, the ALJ determines whether the claimant has shown he or she is not currently engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(b); *see Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If a claimant is presently engaged in any form of substantial gainful activity, he or she is automatically denied disability benefits. *See* 20 C.F.R. § 404.1520(b); *see also Bowen*, 482 U.S. at 140. Second, the ALJ determines whether the claimant has demonstrated a "severe impairment" or "combination of impairments" that significantly limits his physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c); *see Bowen*, 482 U.S. at 140–41. Basic work activities are defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b). These activities include:

>   (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
>
>   (2) Capacities for seeing, hearing, and speaking;
>
>   (3) Understanding, carrying out, and remembering simple instructions;
>
>   (4) Use of judgment;
>
>   (5) Responding appropriately to supervision, co-workers and usual work situations; and
>
>   (6) Dealing with changes in a routine work setting.

*Id.* A claimant who does not have a severe impairment is not considered disabled. 20 C.F.R. § 404.1520(c); *see Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999).

Third, if the impairment is found to be severe, the ALJ then determines whether the impairment meets or is equal to the impairments listed in 20 C.F.R. § 404, Subpart P, App'x 1 (the "Impairment List"). 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant demonstrates his or her impairments are equal in severity to, or meet, those on the Impairment List, the claimant has satisfied his or her burden of proof and is automatically entitled to benefits. *See* 20 C.F.R. § 404.1520(d); *see also Bowen*, 482 U.S. at 141. If the specific impairment is not listed, the ALJ will consider in his or her decision the impairment that most closely satisfies those listed for purposes of deciding whether the impairment is medically equivalent. *See* 20 C.F.R. § 404.1526. If there is more than one impairment, the ALJ then must consider whether the combination of impairments is equal to any listed impairment. *Id.* An impairment or combination of impairments is basically equivalent to a listed impairment if there are medical findings equal in severity to all the criteria for the one most similar. *Williams v. Sullivan*, 970 F.2d, 1178, 1186 (3d Cir. 1992).

If the claimant is not conclusively disabled under the criteria set forth in the Impairment List, step three is not satisfied, and the claimant must prove at step four whether he or she retains

the residual functional capacity ("RFC") to perform his or her past relevant work. 20 C.F.R. § 404.1520(e)–(f); *Bowen*, 482 U.S. at 141. Step four involves three sub-steps:

> (1) the ALJ must make specific findings of fact as to the claimant's [RFC]; (2) the ALJ must make findings of the physical and mental demands of the claimant's past relevant work; and (3) the ALJ must compare the [RFC] to the past relevant work to determine whether claimant has the level of capability needed to perform the past relevant work.

*Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 120 (3d Cir. 2000) (citations omitted). When determining RFC, an ALJ's consideration of medical opinion evidence is subject to the framework articulated at Section 404.1527 (for claims filed before March 27, 2017) or Section 404.1520c (for claims filed after March 27, 2017).[2]

---

[2] For claims filed before March 27, 2017, Section 404.1527, and its supplemental income benefits counterpart Section 416.927, outline the framework for consideration of medical opinions and prior administrative medical findings. Under these regulations, opinions from treating physicians are given preference. When determining RFC pursuant to this framework, "[a]n ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided." *Hoyman v. Colvin*, 606 F. App'x 678, 679–80 (3d Cir. 2015) (quoting *Plummer*, 186 F.3d at 429)). Unsupported diagnoses are not entitled to great weight. *Jones v. Sullivan*, 954 F.2d 125, 129 (3d Cir. 1991). Moreover, an ALJ must provide the reason for giving more or less weight to the evidence. *See Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001).

Sections 404.1520c, and its supplemental income benefits counterpart Section 416.920c, are effective for cases filed on or after March 27, 2017. These regulations "eliminated the hierarchy of medical source opinions that gave preference to treating sources." *David K. v. Kijakazi*, Civ. A. No. 20-12419, 2022 U.S. Dist. LEXIS 13989, at *21 (D.N.J. Jan. 25, 2022). Under these regulations the following factors are considered for all medical opinions: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length of the treating examination, the frequency of examinations, and the purpose of the treatment relationship; (4) the medical source's specialization; and (5) other factors, including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c). The most important factors that the agency considers when evaluating the persuasiveness of medical opinions are supportability and consistency. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Supportability means the extent to which a medical source supports the medical opinion by explaining the relevant objective medical evidence. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). Consistency means the extent to which a medical opinion is consistent with the

The claimant is not disabled if his RFC allows him to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). However, if the claimant's RFC prevents him from doing so, an administrative law judge proceeds to the fifth and final step of the process. *Id.* The final step requires the administrative law judge to "show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and [RFC]." *Plummer*, 186 F.3d at 428; 20 C.F.R. § 404.1520(a)(4)(v). In doing so, "[t]he ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled." *Id.*; 20 C.F.R. § 404.1523. Notably, an administrative law judge typically seeks the assistance of a vocational expert at this final step. *Id.* (citation omitted).

The claimant bears the burden of proof for steps one, two, and four. *Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000). Neither side bears the burden of proof for step three "[b]ecause step three involves a conclusive presumption based on the listings[.]" *Id.* at 263 n.2; *see Bowen*, 482 U.S. at 146–47 n.5. An administrative law judge bears the burden of proof for the fifth step. *Id.* at 263.

For the first four steps, the harmless error doctrine[3] requires a plaintiff to show: 1) an error occurred; and 2) but for that error, she might have proven her disability. *Holloman v. Comm'r Soc. Sec.*, 639 F. App'x 810, 814 (3d Cir. 2016). In other words, when appealing a decision at the first

---

evidence from other medical sources and nonmedical sources in the claim. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

[3] The Supreme Court explained its operation in a similar procedural context in *Shinseki v. Sanders*, which concerned review of a governmental agency determination. 556 U.S. 396, 408–11 (2009). The Supreme Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Id.* at 409. In such a case, "the claimant has the 'burden' of showing that an error was harmful." *Id.* at 410.

four steps, a court considers whether the plaintiff articulated a basis for a decision in her favor, based on the existing record. If the plaintiff cannot, it is unlikely she will meet her burden of showing an error was harmful. *See e.g.*, *Lippincott v. Comm'r of Soc. Sec.*, 982 F. Supp. 2d 358, 380 (D.N.J. 2013) (finding ALJ's error was harmless); *Powers v. Comm'r of Soc. Sec.*, Civ. A. No. 19-21970, 2021 U.S. Dist. LEXIS 62340, at *20 (D.N.J. Mar. 31, 2021) (finding the plaintiff had not demonstrated she was prejudiced by the ALJ's decision and had not shown an error occurred amounting to harm).

The court's review of legal issues within this appeal is plenary. *See Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999). Factual findings are reviewed "only to determine whether the administrative record contains substantial evidence supporting the findings." *Sykes*, 228 F.3d at 262. Substantial evidence is "less than a preponderance of the evidence but more than a mere scintilla." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004) (citation omitted). Substantial evidence also "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation and internal quotation marks omitted). When substantial evidence exists to support the Commissioner's factual findings, this Court must abide by those determinations. *See id.* (citing 42 U.S.C. § 405(g)).

## IV. DECISION

Plaintiff claims the ALJ erred by failing to reconcile his RFC determination with the opinion of Dr. Sharon Khan ("Dr. Kahn"), an impartial medical expert, despite finding the opinion has "strong persuasive value." (ECF No. 9 at 15–24.) Plaintiff argues the ALJ "neglected to identify or discuss that portion of the opinion wherein Dr. Khan found a marked limitation in Plaintiff's ability to respond appropriately to usual work situations and to changes in a routine work setting" yet found Plaintiff can deal with job changes and routine work stressors. (*Id.* at 18–

19.) The Commissioner contends "the ALJ's finding was based on an appropriate and fair evaluation of the entire record" (ECF No. 10 at 19) and Plaintiff's argument "focuses on Dr. Kahn's single marked rating in one specific work ability, while ignoring those parts of her opinion suggesting even less limitations [of Plaintiff] than assessed by the ALJ" (*id.* at 16). In reply, Plaintiff concedes "the ALJ is free to reject a portion of a medical opinion" but the ALJ "must nonetheless sufficiently explain his reasons for doing so." (ECF No. 11 at 3.) The Court agrees with the Commissioner.

The "ALJ's failure to address evidence in direct conflict with his/her findings or to reject uncontradicted evidence without a clear statement of the reasoning is erroneous." *Landeta v. Comm'r of Soc. Sec.*, 191 F. App'x 105, 110 (3d Cir. 2006). However, a harmless error, or an error that does not change or determine the case's outcome, does not warrant remand or reversal. *See Rechenski v. Williams*, 622 F.3d 315, 341 (3d Cir. 2010) (citing *Rose v. Bartle*, 871 F.2d 331, 342 (3d Cir. 1989)); *see also Loza v. Comm'r of Soc. Sec.*, Civ. A. No. 15-8964, 2017 WL 714349, at *3 (D.N.J. Feb. 22, 2017) (explaining the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination and that the party seeking reversal normally must explain why the erroneous ruling caused harm) (citing *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009)).

Here, Plaintiff contends the ALJ erred by failing to explicitly reconcile Dr. Khan's opinion regarding Plaintiff's one specific work ability with the ALJ's conclusion that Plaintiff is not disabled. (ECF No. 9 at 18; ECF No. 11 at 3–4.) However, Plaintiff is completely silent on how he might have prevailed "if the ALJ's analysis had been more thorough." *Holloman*, 639 F. App'x at 6. Plaintiff's sidestep of that question compels the Court to conclude there is no basis to remand the case to the ALJ. *Id. See also Rutherford*, 399 F.3d at 553 (3d Cir. 2005) ("Rutherford has not

specified how that factor would affect the five-step analysis undertaken by the ALJ, beyond an assertion that her weight makes it more difficult for her to stand, walk and manipulate her hands and fingers. That generalized response is not enough to require a remand . . . .").

In other words, even without a reconciliation of Dr. Khan's opinion regarding Plaintiff's one specific work ability with the ALJ's conclusion that Plaintiff is not disabled is an error at all, the Court rules that it was harmless. *See Woodson v. Comm'r Soc. Sec.*, 661 F. App'x 762, 766 (3d Cir. 2016) (explaining that an ALJ's analysis which was lacking but was not harmful to the plaintiff's claim does not warrant remand). As Plaintiff conceded, the ALJ considered Dr. Khan's opinion where she found Plaintiff "had no limitation in understanding, remembering, or applying information; moderate limitation in interacting with others; mild limitation in concentrating, persisting, or maintaining pace; and moderate limitation in adapting or managing oneself." (ECF No. 9 at 17.) The ALJ further noted Dr. Khan's conclusion that Plaintiff is capable of performing simple and complex tasks, with frequent interactions with others. (*Id.* at 17–18.) The ALJ found that Dr. Khan's opinion has "strong persuasive value," and was consistent with Plaintiff's activities of daily living. (*Id.* at 18.) The ALJ's thoughtful consideration of Dr. Khan's entire report shows even if the ALJ explicitly discussed Plaintiff's purported lack of one specific work ability, that would not negate Dr. Khan's diagnosis that Plaintiff is capable of performing several unskilled light jobs (Tr. 223–224) or change the ALJ's conclusion that Plaintiff is not disabled. *See Woodson*, 661 F. App'x at 766. Plaintiff's "mere disagreement with the weight the ALJ placed on the [medical] opinion is not enough for remand." *Moody v. Comm'r of Soc. Sec. Admin.*, Civ. A. No. 15-8319, 2016 WL 7424117, at *8 (D.N.J. Dec. 23, 2016). Because the ALJ meaningfully considered Dr. Khan's report and Plaintiff merely takes issue with the ALJ not weighing the

portion of Dr. Khan's report that favors Plaintiff more heavily, remand is not proper, and the Commissioner's decision must be affirmed.

V.     CONCLUSION

For the reasons set forth above, the Court finds Plaintiff failed to show the ALJ erred in determining he was not disabled under the Social Security Act. The Commissioner's decision is **AFFIRMED**.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE

Dated: August 16, 2022